**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DWIGHT FREDERICK BARNES,

   Petitioner,

v.            CASE NO. 02-CV-74047-DT
               HON. JOHN CORBETT O'MEARA
               UNITED STATES DISTRICT JUDGE

GERALD HOFBAUER,

   Respondent.
_____/

## OPINION AND ORDER GRANTING IN PART THE PETITION FOR WRIT OF HABEAS CORPUS

Dwight Frederick Barnes, (Petitioner), currently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, has filed through counsel Mary A. Owens this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, petitioner challenges his convictions for assault with intent to commit murder, M.C.L.A. 750.83; and assault with intent to commit armed robbery, M.C.L.A. 750.89. For the reasons stated below, the petition for writ of habeas corpus is **GRANTED IN PART**.

### I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Recorder's Court for the City of Detroit.

The evidence at trial established that Kenneth Moore was riding his moped down Burt Road in the City of Detroit, when two teenaged black males approached him on a moped with a broken taillight and asked him how fast his moped would go. After conversing with

1

the victim and riding abreast with him for five or ten minutes, the victim and the teenagers pulled into a parking lot where the teenagers announced that they wanted the victim's moped. The victim then drove away on his moped and was shot once in the right buttock with a .22 caliber handgun by the passenger of the white moped. The victim described the passenger's gun as a ".22 one-shot deal Dick Tracy" gun or a "cap pistol." Petitioner and a youth named Robert Smith were arrested about two hours after the shooting while petitioner was driving a white moped without a broken taillight carrying Smith as a passenger. The victim identified petitioner at an in-person show up and at trial as the driver of the white moped.

At the conclusion of the prosecution's proofs, petitioner filed a motion for a directed verdict on the assault with intent to murder charge, contending that there was insufficient proof that petitioner had the specific intent to kill the victim. The trial court denied the motion, finding that the prosecution had established a "prima facie" case against petitioner with respect to this charge.

Petitioner's conviction was affirmed on direct appeal. *People v. Barnes,* 90546 (Mich.Ct.App. April 16, 1987); *lv. den.* 81091 (Mich.Sup.Ct. September 28, 1987).

Petitioner subsequently filed a post-conviction motion for relief from judgment with the state trial court, which was denied. *People v. Barnes,* 85-4800 (Third Judicial Circuit Court, June 26, 2000). The Michigan appellate courts denied petitioner leave to appeal. *People v. Barnes,* 234639 (Mich.Ct.App. September 28, 2001); *lv. den.* 466 Mich. 854; 643 N.W. 2d 574 (2002); *reconsideration den.* 466 Mich. 854; 651 N.W. 2d 913 (2002).

On October 9, 2002, petitioner filed a petition for writ of habeas corpus, seeking habeas relief on the following grounds:

    I. Petitioner had ineffective assistance of trial counsel.

    II. A directed verdict should have been granted.

    III. The evidence was insufficient to convict.

    IV. Petitioner was prejudiced by prosecutorial misconduct and improper prosecutorial argument.

    V. Petitioner had ineffective assistance of appellate consel.

On May 30, 2003, respondent filed a motion to dismiss the petition on the ground that petitioner had failed to to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). In both his habeas application and in his response to respondent's motion to dismiss, petitioner contended that he complied with the statute of limitations because he filed a motion for relief from judgment in state court tolling the limitations period about nine months after discovering through due diligence the factual predicate underlying his prosecutorial misconduct claims and supporting his ineffective assistance of trial counsel claim. On August 22, 2003, this Court denied respondent's motion to dismiss, finding that the one year statute of limitations did not accrue, pursuant to 28 U.S.C. § 2244(d)(1)(B) and (D), until April of 1999, when petitioner obtained a copy of his show-up sheet that served as the factual predicate for his prosecutorial misconduct claim. Respondent was ordered to file a supplemental answer. Petitioner has also filed a reply to the supplemental answer.

## II. STANDARD OF REVIEW

    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

3

> granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Harpster v. State of Ohio*, 128 F. 3d 322, 326 (6th Cir. 1997).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. DISCUSSION

**A. The statute of limitations issue.**

Respondent first contends that all of petitioner's claims, with the exception of his prosecutorial misconduct claim, are barred by the one year statute of limitations contained in 28 U.S.C.§ 2244(d)(1). Respondent claims that only this claim is timely, because subsection 2244(d)(1)(D) should be applied on a claim by claim basis and cannot be used to revive petitioner's other time-barred claims.

Respondent did not argue in its initial motion to dismiss that 28 U.S.C. § 2244(d)(1)(D) should be applied only on a claim by claim basis and could not serve to delay the commencement of the limitations period with respect to the remainder of petitioner's claims. By failing to address this issue in its motion to dismiss and/or its brief in support, respondent has waived any argument it could have asserted that 28 U.S.C.§ 2244(d)(1)(D) would delay the commencement of the one year limitations period only with respect to petitioner's prosecutorial misconduct claim. *See Miller v. Collins*, 305 F. 3d 491, 496 (6th Cir. 2002); *See also Dickens v. Jones,* 203 F. Supp. 2d 354, 361 (E.D. Mich. 2002)(state waived affirmative defenses that habeas petitioner's federal habeas claims were noncognizable and waived because of petitioner's alleged misrepresentation and failure to object, where state failed to assert affirmative defenses in its initial answer to the habeas petition). Secondly, respondent ignores the fact that this Court also found that petitioner's application was timely pursuant to 28 U.S.C. § 2244(d)(1)(B), finding that petitioner was prevented from filing his prosecutorial misconduct claims by the State of Michigan's failure until April or May of 1999 to provide him with a copy of his show up sheet. Subsection (B) states the one year limitations period runs from "[t]he date on which the impediment to filing an *application* created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." (emphasis added). Accordingly, even if respondent's argument that subsection (D) should be applied on a claim by claim basis to delay the commencement of the limitations period had some merit, petitioner's entire application is rendered timely pursuant to the clear language of 28 U.S.C. § 2244(d)(1)(B).

5

### B. Subject matter jurisdiction over petitioner's assault with intent to commit armed robbery conviction.

Before the Court addresses the merits of the petition, the Court needs to consider whether it has subject matter jurisdiction over petitioner's assault with intent to commit armed robbery conviction. The Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that petitioner was discharged from his sentence on the assault with intent to commit armed robbery conviction on August 3, 2002. The instant petition was filed with this Court on October 9, 2002. By the time that the instant petition was filed, petitioner's sentence on the assault with intent to commit armed robbery conviction had expired.

This Court lacks jurisdiction to grant petitioner habeas relief from his assault with intent to commit armed robbery conviction, due to the fact that petitioner is no longer in custody on this conviction, as a result of the fact that his sentence on this conviction expired prior to the instant petition being filed. Although neither party raised the issue of whether the Court has jurisdiction over this conviction due to the expiration of petitioner's sentence on his assault with intent to commit armed robbery conviction, it is appropriate for this Court to consider the issue *sua sponte,* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

The language of §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in

custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court. *See Maleng v. Cook ,* 490 U.S. 488, 490-91 (1989). A habeas petitioner is no longer "in custody", for purposes of a conviction imposed, after the sentence on that conviction has fully expired. *Id.* at 492-93; *Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000). Once a habeas petitioner's sentence for a conviction has completely expired, the collateral consequences of that conviction are insufficient to render a habeas petitioner "in custody". *Clemons v. Mendez,* 121 F. Supp. 2d at 1102-03.

In the present case, petitioner received a sentence of seven to fifteen years on the assault with intent to commit armed robbery conviction, which was to run concurrently with the twenty to forty year prison sentence which he received on his assault with intent to commit murder conviction. Because petitioner's sentence on his assault with intent to commit armed robbery conviction expired prior to the filing of his petition in this case, this Court lacks subject matter jurisdiction to grant petitioner habeas relief from this conviction. *See Eller v. Bock,* 2003 WL 87417, * 5 (E.D. Mich. January 7, 2003).

### C.  Claims # 2 and # 3.  The directed verdict/sufficiency of evidence claims.

The Court will address petitioner's second and third claims first, because these two claims are interrelated and are the claims which this Court is granting relief upon.

Petitioner contends that there was insufficient evidence to convict him of the crime of assault with intent to commit murder, because there was insufficient evidence to show that he aided and abetted in the crime of assault with intent to murder. Petitioner further contends that the trial court incorrectly used a "prima facie" standard of evidence in denying

7

his motion for directed verdict following the conclusion of the prosecution's case.

Respondent contends that petitioner's sufficiency of evidence claim is procedurally defaulted, because he failed to present his sufficiency of evidence claim under the same theory in his post-conviction motion that he is now raising in his current habeas application, but cannot return to the state courts to exhaust his sufficiency of evidence claim, because petitioner cannot file a second motion for relief from judgment pursuant to M.C.R. 6.502(G). [1]

This Court finds that petitioner's second and third claims were exhausted under the same theory that he is raising in his current habeas petition. Contrary to respondent's contention, petitioner did not merely argue that the evidence was insufficient to convict him because he was wrongly identified, but argued that the evidence of specific intent to kill, particularly under an aider and abettor theory, was insufficient to support a guilty verdict for assault with intent to commit murder. That the state trial court apparently misapprehended the nature of petitioner's sufficiency of evidence claim would not preclude a finding that the claim was fairly presented to the courts. The fact that a state court does not address the merits of a claim does not preclude a finding of exhaustion. *See Rudolph v.*

---

[1] Respondent does not argue that petitioner's second and third claims are procedurally defaulted pursuant to M.C.R. 6.508(D)(3). In any event, M.C.R. 6.508(D)(3) was not a regularly followed procedural rule at the time of petitioner's conviction in 1985 and his direct appeals, which ended in 1987. The substance of M.C.R. 6.508(D)(3), which precludes postconviction relief on grounds that could have been raise on direct appeal, was not a firmly established and regularly followed procedural rule at the time of petitioner's conviction and appeals, which preceded the adoption of M.C.R. 6.508(D)(3) on October 1, 1989. Thus, the rule is not an adequate and independent state procedural rule barring federal review of petitioner's claims. *Rogers v. Howes,* 144 F. 3d 990, 993-95 (6th Cir. 1998); *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 970-71 (E.D. Mich. 1999). Petitioner is therefore not procedurally barred from bringing these claims in federal court pursuant to 6.508(D)(3).

*Parke*, 856 F. 2d 738, 739 (6th Cir. 1988).  Whether an exhaustion requirement has been satisfied cannot turn upon whether a state court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in state court. *Smith v. Digmon*, 434 U.S. 332, 333 (1978).  For exhaustion purposes, it is enough for a habeas petitioner to present his federal claim before the state's highest court, even if the court does not discuss the issue in its opinion. *Sweet v. Carter,* 22 F. Supp. 2d 707, 720 (N.D. Ohio 1998).  Where a state court fails to address a federal claim that was raised before it, or misconstrues the claim, as was the case here, the exhaustion doctrine is satisfied. *See Faust v. Anderson,* 52 F. Supp. 2d 930, 944 (N.D. Ind. 1999).  In this case, petitioner presented his sufficiency of evidence and directed verdict claims to the state courts on post-conviction review.  Accordingly, petitioner has satisfied the exhaustion requirement of the habeas statute.

      This Court further notes that the respondent did not specifically address the merits of petitioner's directed verdict and sufficiency of evidence claims in its initial motion to dismiss or in its answer to the petition for writ of habeas corpus.  By failing to address the merits of petitioner's claims, respondent has waived any substantive defenses to the merits of these two claims. *See Dickens v. Jones,* 203 F. Supp. 2d at 361; *United States ex. rel. Hindi v. Warden of McHenry County Jail*, 82 F. Supp. 2d 879, 883 (N.D. Ill. 2000)(argument for which respondent in habeas proceeding cited no supporting case law was waived and would not be addressed by district court).

      A habeas court reviews claims that the evidence at trial was insufficient for a conviction by asking whether, after viewing the evidence in the light most favorable to the

prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Scott v. Mitchell*, 209 F. 3d 854, 885 (6th Cir. 2000)(citing to *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Because a claim of insufficiency of the evidence presents a mixed question of law and fact, this Court must determine whether the state court's application of the *Jackson* standard was reasonable. *See Johnson v. Hofbauer,* 159 F. Supp. 2d 582, 596 (E.D. Mich. 2001).  Moreover, the *Jackson* standard must be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Adams v. Smith,* 280 F. Supp. 2d 704, 714 (E.D. Mich. 2003) (*quoting Jackson,* 443 U.S. at 324, n. 16).  A state trial court's denial of a petitioner's motion for directed verdict is not a denial of due process, such as would warrant habeas relief, if there is sufficient evidence to support the verdict. *See Cheatham v. Nelson,* 88 F. Supp. 2d 1163, 1166 (D. Kan. 2000).

      Under Michigan law, the elements of assault with intent to commit murder are: (1) an assault; (2) with an actual intent to kill; (3) which if successful, would make the killing murder. *Steele v. Withrow,* 157 F. Supp. 2d 734, 740 (E.D. Mich. 2001)(*citing to People v. Hoffman*, 225 Mich. App. 103, 111; 570 N.W. 2d 146 (1997)).  A conviction for assault with intent to commit murder must be premised upon a defendant's specific intent to kill. *Id.; People v. Edwards*, 171 Mich. App. 613, 620; 431 N. W. 2d 83 (1988).  The intent to do great bodily harm or a wanton and wilful disregard of the likelihood that the tendency of the action is to cause death or great bodily harm, while sufficient to support a conviction for murder, is insufficient to support a conviction for assault with intent to commit murder; the

intent to kill, however, need not be proved by direct, positive, or independent evidence, and the trier of fact may draw reasonable inferences from the facts and evidence in determining the existence of an intent to kill. *People v. Taylor*, 422 Mich. 554, 567-568; 375 N.W. 2d 1 (1985); *Steele,* 157 F. Supp. 2d at 740.

As an initial matter, there was no evidence, nor does the respondent contend, that petitioner actually shot the victim. The victim testified that it was the passenger on the moped that petitioner was driving who shot him. To the extent that the state trial court denied petitioner's sufficiency of evidence claim on post-conviction review on the ground that petitioner was the actual shooter, this would be an unreasonable determination of the facts in light of the evidence presented at petitioner's trial.

The only possible basis to convict petitioner of this charge would be under an aiding and abetting theory. Under Michigan law, to support a finding that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

> 1. the crime charged was committed by the defendant or some other person;
> 2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and
> 3. the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.
> *People v. Carines*, 460 Mich. 750, 757-58; 597 N.W. 2d 130 (1999).

.   In order to be guilty of aiding and abetting under Michigan law, the accused must take some conscious action designed to make the criminal venture succeed. *Fuller v. Anderson,* 662 F. 2d 420, 424 (6th Cir. 1981); *Brown v. Palmer,* 358 F. Supp. 2d 648, 654 (E.D. Mich. 2005). Aiding and abetting describes all forms of assistance rendered to the

11

perpetrator of the crime and comprehends all words or deeds which might support, encourage, or incite the commission of the crime. *People v. Turner*, 213 Mich. App. 558, 568; 540 N.W. 2d 728 (1995); *See also Meade v. Lavigne,* 265 F. Supp. 2d 849, 858 (E.D. Mich. 2003).  The quantum or amount of aid, advice, encouragement, or counsel rendered, or the time of rendering, is not material if it had the effect of inducing the commission of the crime. *People v. Lawton*; 196 Mich. App. 341, 352; 492 N. W. 2d 810 (1992).

To be convicted under an aiding and abetting theory in Michigan, the defendant must either possess the required intent to commit the crime or have participated while knowing that the principal had the requisite intent; such intent may be inferred from circumstantial evidence. *Brown v. Palmer,* 358 F. Supp. 2d at 654 (citing *People v. Wilson*, 196 Mich. App. 604, 614; 493 N. W. 2d 471 (1992)).  The intent of an aider and abettor is satisfied by proof that he knew the principal's intent when he gave aid or assistance to the principal. *Id., People v. McCray*, 210 Mich. App. 9, 14; 533 N. W. 2d 359 (1995).  However, mere presence, even with knowledge that a crime is being committed, is insufficient to establish that a defendant aided and abetted in the commission of the offense, "nor is mere mental approval sufficient, nor passive acquiescence or consent." *Fuller,* 662 F. 2d at 424 *(quoting People v. Burrel*, 253 Mich. 321, 323; 235 N.W. 170 (1931)); *Brown v. Palmer,* 358 F. Supp. 2d at 655.

In the present case, although there may have been sufficient evidence to convict petitioner of aiding and abetting in the assault with intent to commit armed robbery charge, there was insufficient evidence presented to establish that he aided and abetted the passenger

12

on his moped with respect to the assault with intent to commit murder charge.

In *Brown v. Palmer,* 358 F. Supp. 2d at 655-56, another judge in this district granted a writ of habeas corpus, finding that insufficient evidence was presented to conclude that the petitioner aided and abetted in the armed robbery and carjacking for which he was convicted. The district court concluded that the evidence was insufficient to convict the petitioner as an aider and abettor, where there was no evidence presented that petitioner ever possessed a weapon or handed a weapon to the gunman, there was no testimony that petitioner said anything to the gunman or offered any words of encouragement, nor was there any evidence that petitioner made any gestures to the gunman.

Likewise, in this case, there was no evidence presented that petitioner was ever in possession of a firearm or discharged a firearm. There was no evidence that petitioner ordered the passenger on his moped to kill the victim or that he and this accomplice had discussed killing the victim prior to the shooting. In this case, without "impermissibly stacking inferences", there was insufficient evidence presented for a rational trier of fact to conclude that petitioner shared any specific intent to kill or that he possessed the intent to aid and abet in the assault with intent to commit murder charge, particularly in light of the fact that there was no evidence that petitioner even knew that his passenger was going to shoot the victim. *Brown v. Palmer,* 358 F. Supp. 2d at 656.

The Michigan courts' conclusion that the evidence was sufficient to convict petitioner is contrary to, or an unreasonable application of, *Jackson v. Virginia*. Petitioner is therefore entitled to habeas relief. The appropriate remedy is to issue a writ of habeas corpus outright

13

with respect to the assault with intent to commit murder conviction, rather than conditioning the grant of the writ on the state's failure to retry the petitioner. *Brown v. Palmer,* 358 F. Supp. 2d at 656; *See also Sera v. Norris*, 312 F.Supp.2d 1100, 1125 (E.D.Ark.2004). The petition for writ of habeas corpus is hereby granted with respect to petitioner's insufficiency of evidence claim and the Court orders that petitioner's conviction for assault with intent to commit murder charge be vacated. *Id.*

Because this Court's conclusion that petitioner is entitled to habeas relief on his insufficiency of evidence claims is dispositive of the petition, the Court considers it unnecessary to review petitioner's other claims and declines to do so. *See Haynes v. Burke,* 115 F. Supp. 2d 813, 819-820 (E.D. Mich. 2000).

## IV.  ORDER

IT IS HEREBY ORDERED THAT PETITIONER'S APPLICATION FOR WRIT OF HABEAS CORPUS IS UNCONDITIONALLY GRANTED IN PART. PETITIONER'S CONVICTION FOR ASSAULT WITH INTENT TO COMMIT MURDER IS ORDERED TO BE VACATED AND SET ASIDE.

                                      **s/John Corbett O'Meara**
                                      **John Corbett O'Meara**
                                      **United States District Judge**

**Dated:  June 22, 2005**